UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
July 18, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Lisa Webber, | § |
|     Plaintiff, | § |
| versus | §    Civil Action H-21-2337 |
| United of Omaha Life Insurance Company and Group Long-Term Disability Benefits for Employees of Accelerate Learning Plan, | § |
|     Defendants. | § |

## Opinion on Summary Judgment

1. *Background.*

    Lisa Webber was employed by Accelerate Learning. In December 2017, she had extreme pain and weakness in her right leg. She was placed on short-term disability leave for twelve weeks and received long-term disability benefits until May 9, 2019. In February 2020, she received social security.

    On July 19, 2021, she sued United of Omaha Life Insurance Company and Group Long-Term Disability Benefits for Employees of Accelerate Learning Plan for unlawfully denying her long-term disability benefits in violation of the Employee Retirement Income Security Act of 1974 (ERISA). In October 2021, Group Long-Term Disability Benefits for Employees of Accelerate Learning Plan was dismissed. Both Omaha and Webber moved for summary judgment and judgment on the record. Omaha will prevail.

2. *The Policy.*

    Under the insurance policy, Webber would be disabled if, because of an injury or sickness, a significant change in her mental or physical functional health occurred which prevented her from performing at least one of the

material duties of her regular occupation on a part-time or full-time basis. After a monthly benefit has been paid for two years, Webber would be disabled if she was unable to perform all of the material duties of any gainful occupation.

The material duties of Webber's position as Vice President of Professional Services for Accelerate Learning, Inc., involved: (a) directing and coordinating the activities of one or more departments; (b) aiding chief administrative officers in formulating and administering organization policies; (c) formulating and administering company policies and developing long range goals; and (d) reviewing analyses of activities, costs, operations, and forecast data to determine progress toward those goals.

3.   *ERISA.*

ERISA allows Webber to bring her claim against Omaha to recover benefits due to her under the terms of the insurance policy.[1] Abuse of discretion review applies because Omaha has authority to determine eligibility for benefits of the plan.[2] If Omaha's fiduciary decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail.[3]

Webber says that she was wrongfully denied long-term disability benefits because her chronic pain, cognitive impairments, and depression prevented her from returning to work in any capacity. She claims that, because the hearing officer found her to be disabled, Omaha should not have denied her benefits. Also, she says that her treating physicians diagnosed her with depression and identified limits to her physical capabilities in the workplace.

Omaha says that it correctly denied her on-going long term disability benefits because her complaints of pain were not supported by the medical record. It claims that five medical experts on the record opined that Webber had no functional impairments, and only one doctor formally diagnosed her with

---

[1] 29 U.S.C. § 1132(a)(1)(B).

[2] *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

[3] *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 397 (5th Cir. 2007).

depression. Also, Omaha contends that, because the Social Security disability program and ERISA benefit plans are different, Webber's qualification for social security benefits has no impact on its denial.

The record shows that Omaha conducted multiple peer-to-peer reviews with Webber's treating physicians to determine the severity of her impairments and eligibility for continued benefits. Suja Johnkutty, Michael Villanueva, and Martin Lipschutz independently reviewed Webber's medical file and concluded that, although she did have cognitive and physical limitations, her disabilities were not so severe as to render her permanently disabled under the plan. During Lipschutz's peer review, Webber's treating psychologist, Daniela Costa, stated that no evidence existed of cognitive difficulties.

The record also shows that, although she had continuous pain and weakness in her right leg, she did not suffer from functional limitations as a result of her physical and mental health. In fact, a number of medical reports in the record demonstrate that Webber reported no memory loss, change in appetite, or severely negative thoughts. Numerous mental status exams were performed with normal results. Omaha also corresponded with Webber's doctors to confirm whether its conclusions were correct. On Webber's Physical Capacities Checklist, Igor Cherches, her treating physician, noted that she could sit and stand for an hour at a time and that she could walk for 30 minutes at a time.

The hearing officer found that Webber did not have cognitive limitations and was able to sit, stand, and walk with normal breaks for a total of about six hours in an eight-hour workday. She nevertheless qualified for social security because her skills did not transfer to other jobs. To qualify for benefits under Omaha's policy, Webber must not have been able to perform the material duties of her occupation. Omaha was not required to show that her skills did not transfer to other jobs that she could perform within her capacity.

The record shows that substantial evidence exists for Omaha to have concluded that Webber was ineligible for ongoing long-term disability benefits, so it did not abuse its discretion.

4. *Conclusion.*

United of Omaha Life Insurance Company is not liable to Lisa Webber on her ERISA claim against it. Lisa Webber will take nothing from United of Omaha Life Insurance Company.

Signed on July 18, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge